KAVEH ARDALAN
ATTORNEY AT LAW (188775)
2100 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706
TEL: 714-273-2526
FAX: 714-242-2037

FILED
DEC 24 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:         Deputy Clerk

Attorney for Houshang Esfahani

United States Bankruptcy Court

Central District of California, Santa Ana Division

| | |
|---|---|
| In Re:<br><br>Houshang and Farrah Esfahani,<br><br>    Debtors. | Case No.   09-BK-18306-TA<br><br>Chapter 7<br><br>ANSWER |
| Kenneth D. Franklin and Sally Franklin, American Tow and Auto Repairs, Inc., a California Corporation,<br><br>    PLAINTIFFS,<br><br>VS.<br><br>Houshang E. Esfahani,<br><br>    DEFENDANT. | Adversary No.   09-ap-01746-TA<br><br>Adv. Proceeding Filed: 11/20/09<br>Trial Date:           None Set |

DEFENDANT, Houshang E. Esfahani, by Kaveh Ardalan, Defendant's attorney, answering the Complaint of Kenneth D. Franklin and Sally Franklin, American Tow and Auto, Inc.:

/ / /

/ / /

(1)

Answer

1. Admits the allegations contained in Paragraphs 1-3.
2. Alleges that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.
3. Admits the allegations contained in Paragraphs 5-7.
4. Denies the allegation contained in Paragraphs 8-24.
5. Admits the allegation contained in Paragraphs 25.
6. Denies the allegations contained in Paragraphs 26-41.

Furthermore, under the provisions of the <u>United States Bankruptcy Code</u>, Defendant denies that Plaintiffs have sustained damages in any sum or sums alleged, or in any other sum or amount whatsoever.

Defendant denies that Plaintiffs have sustained any injury, damage or loss by reason of any act or omission of Defendant or his agents and/or employees.

Defendant specifically denies that Plaintiffs are entitled to special damages in any sum or amount whatsoever.

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state facts sufficient to constitute a cause of action against DEFENDANT.

### SECOND AFFIRMATIVE DEFENSE

The cause of action alleged in the complaint is barred by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Any of the conduct of DEFENDANT that is alleged in the complaint to be unlawful was taken as a result of conduct and omissions by PLAINTIFF, and PLAINTIFF is thus estopped from asserting any cause of action against DEFENDANT.

#### FOURTH AFFIRMATIVE DEFENSE

The complaint is uncertain in that it is impossible to determine from the complaint which of the alleged acts of DEFENDANT caused the injuries alleged in the complaint.

#### FIFTH AFFIRMATIVE DEFENSE

PLAINTIFFS failed to mitigate their damages.

#### SIXTH AFFIRMATIVE DEFENSE

PLAINTIFFS have inexcusably and unreasonably delayed the commencement of the action, to the prejudice of DEFENDANT, in that PLAINTIFFS have significantly delayed bringing this action until the incident complained of have become obscured by time and the evidence has been lost.

#### SEVENTH AFFIRMATIVE DEFENSE

PLAINTIFFS knew, approved of and ratified all actions of DEFENDANT, including the actions complained herein.

#### EIGHT AFFIRMATIVE DEFENSE

PLAINTIFFS have not come to court with clean hands. As a result, PLAINTIFFS are not entitled to the relief requested in the complaint.

#### NINTH AFFIRMATIVE DEFENSE

PLAINTIFFS have inexcusably and unreasonably delayed the filing of the complaint, causing substantial prejudice to DEFENDANT, and PLAINTIFF purported claims are barred by the doctrine of laches.

#### TENTH AFFIRMATIVE DEFENSE

PLAINTIFFS are not entitled to the relief requested in the complaint because such relief would work a substantial hardship on

the DEFENDANT relative to the benefit PLAINTIFF would gain by the relief.

### ELEVENTH AFFIRMATIVE DEFENSE

PLAINTIFFS are not entitled to the relief requested in the complaint because damages would afford an adequate relief to PLAINTIFFS.

### TWELFTH AFFIRMATIVE DEFENSE

PLAINTIFFS are not entitled to the relief requested in the complaint because PLAINTIFS have not shown that either existing or threatened irreparable injury will occur.

### THIRTEEN AFFIRMATIVE DEFENSE

PLAINTIFFS have not suffered any damages as a result of any action taken by DEFENDANT or his agents; therefore, it is barred from asserting any cause of action against DEFENDANT.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a further and separate affirmative defense to the complaint, DEFENDANT alleges that the incident, transaction, occurrence, and damages alleged occurred and were proximately caused by the sole negligence of PLAINTIFFS and their agents and/or employees.

### FIFTEENTH AFFIRMATIVE DEFENSE

The damages sustained by PLAINTIFFS, if any, were proximately caused by the intervening and superseding acts of others, which acts bar and/or diminish PLAINTIFFS' recovery, if any, against this answering DEFENDANT.

### SIXTEENTH AFFIRMATIVE DEFENSE

By virtue of PLAINTIFFS' conduct alleged above and other acts and omissions, the complaint, and each and every cause of action

1  alleged therein, is barred, because PLAINTIFFS have waived their
2  claim asserted in the complaint and her right to recover the losses
3  and damages, if any, prayed for in the complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Should this court find that this answering DEFENDANT is in any manner legally responsible for damages sustained by PLAINTIFFS, such damages were proximately caused and contributed to by other parties in this case, whether served or unserved, and/or by other persons or entities not presently parties to this action. The liability of all DEFENDANTS and responsible parties, named or unnamed, should be apportioned according to their relative degree of fault, and the liability of this answering DEFENDANT should be reduced accordingly.

### EIGHTEENTH AFFIRMATIVE DEFENSE

DEFENDANT reserves the right to raise any additional affirmative defenses at trial.

WHEREFORE, DEFENDANT requests that:

1. PLAINTIFFS take nothing by this action;
2. A judgment of dismissal be entered in favor of DEFENDANT;
3. DEFENDANT be awarded the costs of suit incurred; and
4. DEFENDANT be awarded any other and further relief the court considers proper.

Dated: 12/24/09

_____
Kaveh Ardalan, Attorney for
Houshang E. Esfahani

(5)

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA                                                              COUNTY OF ORANGE

I, Kaveh Ardalan, declare as follows:

1. I am over the age of 18 and not a party to the within action. I am employed in the County of Orange, State of California. My mailing address is 2100 N. Broadway, Suite 200, Santa Ana, CA 92706.

2. On 12/24/09, I served the ANSWER on all interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| **John S. Clifford, Esq.** | **Scott C. Clarkson, Esq.** |
| **Smith, Chapman, Campbell** | **Clarkson, Gore & Marsella** |
| **1800 North Broadway, Suite 200** | **3424 Carson Street, Suite 350** |
| **Santa Ana, CA 92706** | **Torrance, CA 90503** |

3. The above service was completed by the following means:

☒ (BY US MAIL) I sealed each such envelope with postage prepaid and placed each for collection and mailing following ordinary business practices. I am "readily familiar" with my office's practice for collection and processing correspondence for mailing with the United States Postal Service pursuant to which practice all correspondence will be deposited the same day in the ordinary course of business. I am aware that on motion of the party(ies) served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit.

☐ (BY FACSIMILE) I sent each such document via facsimile following ordinary business practices.

☐ (BY PERSONAL SERVICE) I delivered each such envelope by hand to the addressee.

4. Executed at Santa Ana, California, on 12/24/09.

☐ (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (FEDERAL) I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose discretion the service was made.

_K. Ard_
Kaveh Ardalan